UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 24-2089-KK-SHKx** | Date: | December 4, 2024 |
|---|---|---|---|
| Title: | *Cecilia Hermosillo v. Apple Core Enterprises, Inc. et al.* | | |

| Present: The Honorable | KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE |
|---|---|

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order GRANTING Plaintiff's Motion to Remand [Dkt. 13]

## I. INTRODUCTION

On August 23, 2024, Plaintiff Cecilia Hermosillo ("Plaintiff") filed a Class Action Complaint ("Complaint") against Defendant Apple Core Enterprises, Inc. ("Defendant") and various Doe Defendants in the Superior Court of California, Riverside, alleging various California Labor Code violations. ECF Docket No. ("Dkt.") 1-2. On September 30, 2024, Defendant filed a Notice of Removal pursuant to 28 U.S.C. §§ 1441, 1446, and 1453 asserting diversity jurisdiction. Dkt. 1. On October 30, 2024, Plaintiff filed a Motion to Remand. Dkt. 13.

The Court finds this matter appropriate for resolution without oral argument. See Fed. R. Civ. P. 78(b); L.R. 7-15. For the reasons stated below, the Court **GRANTS** Plaintiff's Motion to Remand.

## II. BACKGROUND

As alleged in the Complaint, Plaintiff was employed by Defendant as an hourly, non-exempt worker from May 21, 2021 through May 22, 2024. Dkt. 1-2 ¶ 4.

On August 23, 2024, Plaintiffs filed a putative class action Complaint against Defendant in the Superior Court of California, Riverside. Dkt. 1-2. Plaintiffs filed their case as an Unlimited Action, alleging the amount demanded exceeds $35,000. Id. at 3. The Complaint alleges the

following claims: (1) failure to pay all minimum wages owed; (2) failure to pay overtime; (3) failure to authorize or permit meal period; (4) failure to authorize or permit rest period; (5) failure to reimburse necessary business expenditures; (6) failure to provide complete and accurate wage statements; (7) failure to pay all wages and final paychecks upon termination of employment; and (6) unfair business practices.  Id. at 5-6.

On September 27, 2024, Defendant filed an Answer.  Dkt. 1-3.

On September 30, 2024, Defendant filed a Notice of Removal ("Notice") pursuant to 28 U.S.C. §§ 1441, 1446, and 1453 asserting diversity jurisdiction.  Dkt. 1.  Defendant argues removal is proper because Plaintiff and Defendant are citizens of different states, and the amount in controversy exceeds $75,000.  Id.

On October 30, 2024, Plaintiff filed a Motion to Remand.  Dkt. 13.  Plaintiff argues Defendant fails to establish diversity jurisdiction because Defendant cannot meet its burden to prove the amount in controversy exceeds $75,000 for each plaintiff.  Dkt. 13-1.

On November 14, 2024, Defendant filed an Opposition.  Dkt. 19.  On November 21, 2024, Plaintiff filed a Reply.  Dkt. 21.  The matter thus stands submitted.

## III.
## LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a civil action may be removed from state to federal court if the action is one over which federal courts could exercise original jurisdiction.  When removing a case under diversity jurisdiction, the defendant must establish (1) complete diversity among the parties, and (2) an amount in controversy over $75,000.  28 U.S.C. § 1332; see Chavez v. JPMorgan Chase & Co., 888 F.3d 413, 415 (9th Cir. 2018).  "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability."  Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031, 1034 (9th Cir. 2008); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (holding the removal statute is "strictly construe[d] . . . against removal jurisdiction").

## IV.
## DISCUSSION

**A.    The Motion to Remand Is Timely**

**1.    Applicable Law**

Under 28 U.S.C. § 1447(c) ("Section 1447(c)"), "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

///

    **2.**    **Analysis**

Here, Plaintiff moves to remand because there is insufficient evidence to show the Amount in Controversy exceeds $75,000 as required for diversity jurisdiction under 28 U.S.C. § 1332(a).[1] Dkt. 26-1 at 9-19. "If the district court determines that it is sufficiently doubtful that the amount-in-controversy requirement has been met, . . . federal subject matter jurisdiction is lacking . . . [and] the district court should . . . remand to state court." Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1118 (9th Cir. 2004). Hence, because the Motion to Remand is based on a defect related to subject matter jurisdiction, the 30-day deadline under Section 1447(c) does not apply. Johnson v. Wal-Mart Assocs., Inc., No. 22-7425-MWF-MRWx, 2023 WL 2713988, at *3 (C.D. Cal. Mar. 30, 2023) (finding a motion to remand "is based on this Court's lacking subject-matter jurisdiction and a motion to remand on such a basis is always timely"). Accordingly, Plaintiff's Motion to Remand is timely.

**B.**    **Defendant Has Failed to Meet Its Burden to Establish the Amount in Controversy**

    **1.**    **Applicable Law**

To determine the amount in controversy, "courts first look to the complaint" and generally find the "sum claimed by the plaintiff controls if the claim is apparently made in good faith." Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1197 (9th Cir. 2015) (citation and internal quotation marks omitted). Where the amount in controversy is unclear or ambiguous from the face of the state-court complaint, "a defendant's amount in controversy allegation is normally accepted . . . unless it is 'contested by the plaintiff or questioned by the court.'" Jauregui v. Roadrunner Transp. Servs., Inc., 28 F.4th 989, 992 (9th Cir. 2022) (quoting Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 87 (2014)).

"When a plaintiff contests the amount in controversy allegation, 'both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount in controversy requirement has been satisfied.'" Jauregui, 28 F.4th at 992. Parties may submit evidence, "including affidavits or declarations, or other summary-judgment-type evidence relevant to the amount in controversy at the time of removal." Ibarra, 775 F.3d at 1197 (internal quotations and citation omitted). "A defendant may rely on reasonable assumptions to prove that it has met the statutory threshold." Harris v. KM Indus., Inc., 980 F.3d 694, 701 (9th Cir. 2020). However, "a defendant cannot establish removal jurisdiction by mere speculation and conjecture[.]" Ibarra, 775 F.3d at 1197.

    **2.**    **Analysis**

Here, as set forth below, the Court finds Defendant fails to meet its burden of establishing the Amount in Controversy in this case exceeds the required $75,000 for Plaintiff.

---

[1] Neither party appears to dispute diversity of citizenship.

First, while the Court does not find Defendant's high-end calculations regarding damages to be either supported or reasonable, the Court will utilize such figures for purposes of this Order.[2] Based upon these calculations, Defendant asserts the following damages:

- $4,801.12 (Unpaid Minimum Wages)
- $8,642.03 (Unpaid Overtime)
- $9.602.25 (Meal Premiums)
- $9.602.25 (Rest Premiums)
- $1,550.00 (Unpaid Reimbursements)
- $4,000.00 (Wage Statement Penalties)
- $3,720.00 (Waiting Time Penalties)

Dkt. 19 at 8-15.  Hence, assuming Defendant's calculations, the total amount of damages asserted is $41,917.65.

In order to argue the Amount in Controversy exceeds $75,000, Defendant claims Attorney's Fees in the amount of $55,000.00.  Dkt. 19 at 14-15.  Defendant bases this amount on an hourly rate of $550.00[3] multiplied by 100 hours.  Id.  To support this assumed amount, Defendant cites cases which appear to set forth total attorney's fees for wage and hour class actions.  See id.  However, Defendant provides no basis to aggregate the assumed attorney's fees for the entire class.  In fact, when there are multiple plaintiffs with separate and distinct demands in a single suit, they cannot aggregate their claims to satisfy the amount in controversy requirement.  Urbino v. Orkin Servs. of California, Inc., 726 F.3d 1118, 1122 (9th Cir. 2013) ("The traditional rule is that multiple plaintiffs who assert separate and distinct claims are precluded from aggregating them to satisfy the amount in controversy requirement.") (citing Troy Bank v. G.A. Whitehead & Co., 222 U.S. 39, 40 (1911)).  A defendant must establish *each* plaintiff has satisfied the $75,000 amount in controversy requirement.  See id.  Moreover, "when including attorneys' fees within the amount-in-controversy for jurisdictional purposes, courts in this circuit consistently use the 25% benchmark rate."  Garcia v. Lifetime Brands, Inc., No. EDCV 15-1924-JLS-SPx, 2016 WL 81473, at *4 n.2 (C.D. Cal. Jan. 7, 2016).  Hence, assuming 25% of the calculated damages of $41,917.65, this results in an assumed attorney's fees amount of $10,479.41.  The Court, therefore, finds Defendant's alternate proposed amount of $55,000.00 in Attorney's Fees – which constitutes approximately 131% of the amount of assumed damages – to be mere speculation and conjecture.

Hence, the Court finds the reasonable and supported Amount in Controversy, inclusive of Attorney's Fees to be $52,397.06 – far short of the jurisdictional requirement.

///

///

---

[2] For example, Defendant assumes Plaintiff incurred damages for unpaid wages resulting from being required to "arrive early and wait at the front of the building for management to unlock the building prior to *each* workday" for approximately 15 minutes.  Dkt. 19 at 10.  Similarly, Defendant assumes meal break violations "at a 100% violation rate."  Id. at 11.

[3] Neither party appears to contest this is a reasonable hourly rate.

# V.
# CONCLUSION

For the foregoing reasons, the Court finds Defendant has not met its burden to establish removal in this case is proper. Accordingly, the Court **GRANTS** Plaintiff's Motion to Remand. (JS-6)

**IT IS SO ORDERED.**